IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES STROUSE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-CV-834-SMY |
| | ) |
| WARDEN FCI GREENVILLE, and | ) |
| UNITED STATES PROBATION, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner James Strouse, currently on supervised release in the Northern District of Texas[1], filed this habeas corpus action under 28 U.S.C. § 2241 to challenge the imposition of supervised release in his two federal criminal convictions (Doc. 1). For the following reasons, the Petition is **DISMISSED**.

**Factual and Procedural Background**

On April 16, 2009, Strouse pleaded guilty to possession of sexually explicit visual depiction of minors. *United States of America v. James B. Strouse*, 09-cr-00046-ALM-KPJ-1 (Docs. 6-10) (E.D. Texas Apr. 16, 2009). After an unsuccessful motion to withdraw his guilty plea, he was sentenced to 120 months of imprisonment, followed by five years of supervised release. *United States of America v. James B. Strouse*, 09-cr-00046-ALM-KPJ-1 (Doc. 36) (E.D. Texas Dec. 9, 2009).

On April 10, 2010, Strouse was indicted on one count of making retaliatory threats against a federal official and one count of making threatening communications for mailing threatening

---

[1] This Court exercises jurisdiction as this habeas petition appears to have been filed when Strouse was an inmate in this District. *al-Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir. 2004).

letters to the federal officials who had been involved with his previous conviction, including the prosecutor, probation officials, and the judge. *United States of America v. James B. Strouse*, 10-cr-00077-ALM-CAN (Doc. 1) (E.D. Texas Apr. 15, 2010); see also, *United States v. Strouse*, 476 F. App'x 552, 554 (5th Cir. 2012) (describing the charges). After pleading guilty, he was sentenced to 46 months of imprisonment on both counts (running concurrently with one another), followed by three years of supervised release, to run consecutively with his sentence in 09-cr-00046-ALM-KPJ. *United States of America v. James B. Strouse*, 10-cr-00077-ALM-CAN (Doc. 31) (E.D. Texas Apr. 26, 2011).

Strouse unsuccessfully sought § 2255 habeas relief for both convictions. *James B. Strouse v. United States of America*, 09-cr-00046-ALM-KPJ[2] (Doc. 73) (E.D. Texas Mar. 1, 2012) (denying habeas relief for his 2009 conviction); *James B. Strouse v. United States of America*, 13-cv-43-RAS-DDB (Doc. 20) (E.D. Texas Mar. 31, 2016) (denying habeas relief for his 2010 conviction). According to the Bureau of Prisons, Strouse was released from imprisonment on July 9, 2021. A review of the dockets for his two convictions indicates that he remains on supervised release, although jurisdiction has been transferred to the Northern District of Texas, where he now resides. *United States of America v. James B. Strouse*, 21-cr-00069-P-1 (Doc. 1) (N.D. Texas Mar. 30, 2021); *United States of America v. James B. Strouse*, 21-cr-00070-P-1 (Doc. 1) (N.D. Texas Apr. 6, 2021).

## Discussion

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary review, "[i]f it plainly appears from the petition and any attached exhibits that

---

[2] The docket report for the Eastern District of Texas indicates that this habeas petition was also filed under a civil docket number, 10-cv-670, but it appears to be inaccessible at this time.

the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases, including actions filed pursuant to 28 U.S.C. § 2241.

Strouse challenges the imposition of supervised release for both federal convictions as a "not authorized sentence" that violates principles of "double jeopardy." (Doc. 1, pp. 4, 9). He requests that this Court "vacate supervised release" for both convictions (Doc. 1, pp. 9-10).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence to bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. See, *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Until recently, the law of this Circuit permitted petitioners to employ 28 U.S.C. § 2241 to challenge their conviction and sentence via a "savings clause" in 28 U.S.C. § 2255(e). However, the Supreme Court recently closed the door on that possibility, holding that "the saving clause does not authorize such an end-run [on § 2255]" and that § 2241 may only be employed "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." See, *Jones v. Hendrix*, 599 U.S. \_\_\_\_ (2023), No. 21-857, slip op. at pp. 9-11 (Sup. Ct. June 22, 2023).

Strouse's Petition challenges the "supervised release" aspect of his sentences and is effectively an impermissible collateral attack on his sentence. *Id. United States v. Thompson*, 777 F.3d 368, 372-373 (7th Cir. 2015) ("imposition of conditions of supervised release is part of the sentence"). Within certain time limits, Strouse could have challenged the length of his supervised release through a Rule 35(a) motion to correct his sentence, a direct appeal, or a § 2255 application. He also could have challenged the length of his supervised release in the Northern District of Texas under 18 U.S.C. § 3583(e). But Strouse cannot challenge the imposition of his supervised release

before this Court through a § 2241 petition. Because Strouse presents no circumstances that made it impossible or impracticable for him to seek relief in the sentencing court nor a challenge other than a collateral attack on the supervised release part of his sentence, his Petition will be dismissed.

### Disposition

Petitioner James Strouse's 28 U.S.C. § 2241 Petition is **DISMISSED** with prejudice. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for Strouse to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000). If Strouse wishes to appeal this dismissal, he may file a notice of appeal with this court within the appropriate time period for his case, as provided in Federal Rule of Appellate Procedure 4(a). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment; this deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Strouse does choose to appeal and is allowed to proceed IFP, he may be required to pre-pay a portion of the $505.00 appellate filing fee, commensurate with his ability to pay. *Walker v. O'Brien,* 216 F.3d 626, 638 n.5 (7th Cir. 2000); FED. R. APP. P. 3(e).

**IT IS SO ORDERED.**

**DATED: September 26, 2023**

**STACI M. YANDLE**
**United States District Judge**